PD-1502-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/19/2015 2:51:50 PM
Accepted 11/20/2015 11:39:14 AM
ABEL ACOSTA
CLERK

NO._____

TO THE COURT OF CRIMINAL APPEALS
OF THE
STATE OF TEXAS

---

**ERIC ALONZO GREER**, Appellant

V.

**THE STATE OF TEXAS**, Appellee

---

On Appeal from the First Court of Appeals, No. 01-14-00033-CR
Appeal from Galveston County, Texas
56TH District Court, Cause No. 12-CR-3333

---

**STATE'S PETITION FOR DISCRETIONARY REVIEW**

---

**JACK ROADY**
CRIMINAL DISTRICT ATTORNEY
GALVESTON COUNTY

**ALLISON LINDBLADE**
ASSISTANT CRIMINAL DISTRICT ATTORNEY
GALVESTON COUNTY
STATE BAR NO. 24062850
600 59TH STREET, SUITE 1001
GALVESTON, TX 77551
(409) 766-2355, FAX (409) 765-3261
allison.lindblade@co.galveston.tx.us

FILED IN
COURT OF CRIMINAL APPEALS

November 20, 2015

i

ABEL ACOSTA, CLERK

# TABLE OF CONTENTS

Table of Contents                ii

Identity of Parties and Counsel     iii

Index of Authorities         iv

Statement Regarding Oral Argument  1

Statement of the Case       1

Statement of Procedural History    2

Question for Review         2

> If a warrantless blood draw conducted pursuant to Section 724.012(b) of the Transportation Code violates the Fourth Amendment, must that evidence be suppressed when, at the time of the search, the statute was presumptively valid and it dispensed with the warrant requirement?

Argument              3

Prayer for Relief          7

Certificate of Service      8

Certificate of Compliance   8

Appendix             9

# IDENTITY OF THE PARTIES

Appellant:  **Eric Alonzo Greer**.

Presiding Judge:  **Hon. Lonnie Cox**.

Trial counsel for Appellant:  **G. Byron Fulk**, 4207 Running Pine Dr, League City, TX 77573.

Appellate counsel for Appellant: **Winston Cochran**, P.O. Box 2945 League City, TX 77574.

Trial counsel for State: **Kacey Vandeaver & Kayla  Allen**, Assistant Criminal District Attorneys, 600 59th Street, Suite 1001, Galveston, Texas 77551.

Appellate counsel for State: **Allison Lindblade**, Assistant Criminal District Attorney, 600 59th Street, Suite 1001, Galveston, Texas 77551.

# INDEX OF AUTHORITIES

**CASES**

*Davis v. United States*, 131 S. Ct. 2419, 2428-34 (2011)..........................................4

*Greer v. State*, 01-14-00033-CR, 2015 WL 6366737 (Tex. App.—Houston [1st Dist.] Oct. 22, 2015)..........................................................................................2, 3

*Illinois v. Krull*, 480 U.S. 342, 349-57 (1987)..........................................................4

*Karnev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009)................................3

*Miles v. State*, 241 S.W.3d 28, 36, 46 (Tex. Crim. App. 2007)................................5

*Rocha v. State*, 16 S.W.3d 1, 18-19 (Tex. Crim. App. 2000)...................................5

*State v. Jackson*, 464 S.W.3d 724, 731 (Tex. Crim. App. 2015)..........................5, 6

*United States v. Jones,* —— U.S. ——, 132 S.Ct. 945, 181 L.Ed.2d 911 (2012) ........ ................................................................................................................................6

*Wilson v. State*, 311 S.W.3d 452, 458 (Tex. Crim. App. 2010) ...............................5

**STATUTES**

Tᴇx. Cᴏᴅᴇ Cʀɪᴍ. Pʀᴏᴄ. art. 38.23...........................................................................5

Tᴇx. Tʀᴀɴsᴘ. Cᴏᴅᴇ § 724.012(b)(3)(B)...................................................................3

NO._____

TO THE COURT OF CRIMINAL APPEALS
OF THE
STATE OF TEXAS

---

**ERIC ALONZO GREER**, Appellant

V.

**THE STATE OF TEXAS**, Appellee

---

**STATE'S PETITION FOR DISCRETIONARY REVIEW**

---

**TO THE HONORABLE COURT OF APPEALS:**

Now comes Jack Roady, Criminal District Attorney for Galveston County,

Texas, and respectfully urges this Court to grant discretionary review.

## STATEMENT REGARDING ORAL ARGUMENT

The State of Texas does not request oral argument.

## STATEMENT OF THE CASE

A jury convicted Eric Alonzo Greer of Felony Driving While Intoxicated

and assessed a sentence of five years community supervision. The Court of

Appeals reversed, holding that the trial court erred by admitting the blood test

1

results obtained from a nonconsensual, warrantless blood draw.[1]

## STATEMENT OF PROCEDURAL HISTORY

The Court of Appeals' published opinion was issued on October 22, 2015.

Neither party sought rehearing.

## QUESTION FOR REVIEW

**If a warrantless blood draw conducted pursuant to Section 724.012(b) of the Transportation Code violates the Fourth Amendment, must that evidence be suppressed when, at the time of the search, the statute was presumptively valid and it dispensed with the warrant requirement?**

---

[1] *Greer v. State*, 01-14-00033-CR, 2015 WL 6366737 (Tex. App.—Houston [1st Dist.] Oct. 22, 2015) (Attached hereto as "Attachment A").

**ARGUMENT**

In 2012, Greer was stopped for a traffic violation and was subsequently arrested for DWI. Greer refused to perform any field sobriety tests or provide a breath sample. After DPS Trooper Guerra confirmed that Greer had two prior DWI convictions, he transported Greer to a hospital where a warrantless blood draw was taken pursuant to Texas Transportation Code section 724.012(b)(3)(B).[2] Guerra did not attempt to obtain a warrant because he believed that he had authority to proceed immediately with the blood draw pursuant to the statute. After the trial court denied his motion to suppress, Greer proceeded to trial and was convicted of felony driving while intoxicated.

The First Court of Appeals rejected the State's argument that Article 38.23 of the Texas Code of Criminal Procedure should not be read to exclude the blood evidence in this case in light of the fact that the trooper was acting in reliance of presumptively valid law, Section 724.012(b)(3).[3]

The blood draw in this case occurred in 2012, before any court had held that the statute violates the Fourth Amendment. At the time of the search, the statute was presumptively constitutional.[4] So even if this Court determines that the statute is invalid, the blood test results in this case should not be suppressed

---

[2] *See* TEX. TRANSP. CODE § 724.012(b)(3)(B) (West 2011).
[3] *Greer*, 2015 WL 6366737, at *2.
[4] *See Karnev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) ("Statutes are presumed to be constitutional until it is determined otherwise.").

under either the Federal or Texas exclusionary rules.

The United States Supreme Court has held that the good-faith exception to the Fourth Amendment's exclusionary rule applies when law enforcement, at the time of the search, acted objectively reasonably by relying on a statute that was later declared unconstitutional, or on binding judicial precedent that was subsequently overruled.[5] *Davis* held that it was inappropriate to apply the exclusionary rule to a search that was, at the time, permissible under biding precedent.[6]

Here, the trooper drew Greer's blood under the authority of a presumptively valid statute and related case law according to its contemporary reasonable interpretation. Applying the exclusionary rule would not serve the rule's purpose of deterring police misconduct.[7] For purposes of the Fourth Amendment, the good-faith exception prevents suppression.

---

[5] *Illinois v. Krull*, 480 U.S. 342, 349-57 (1987); *Davis v. United States*, 131 S. Ct. 2419, 2428-34 (2011).

[6] *Davis*, 131 S. Ct. at 2429 ("An officer who conducts a search in reliance on binding appellate precedent does no more than ac[t] as a reasonable officer would and should act under the circumstances. The deterrent effect of exclusion in such a case can only be to discourage the officer from do[ing] his duty. That is not the kind of deterrence the exclusionary rule seeks to foster.") (internal quotations and citations omitted).

[7] *Id*.

Understanding that Texas has a broader exclusionary rule,[8] suppression is not justified here under the Texas rule. Article 38.23(a) prohibits the use of evidence obtained in violation of the law.[9] But not every violation of the law is subject to exclusion under article 38.23.[10] This Court has not applied the plain meaning of the statute and instead has read into it a requirement that the violation be related "to the purpose of the exclusionary rule or to the prevention of the illegal procurement of evidence of crime."[11]

In *Miles v. State*, this Court held that a person's violation of traffic laws in order to make a citizen's arrest did not implicate article 38.23, noting that "only those acts which violate a person's privacy rights or property interests are subject to the state or federal exclusionary rule."[12]

And in *Rocha v. State*, this Court held that article 38.23 does not apply to evidence obtained in violation of the Vienna Convention because the treaty is intended to protect nations; it does not create enforceable individual rights.[13]

---

[8] *See* Wilson v. State, 311 S.W.3d 452, 458 (Tex. Crim. App. 2010) (In 1925, the Texas Legislature enacted a state exclusionary rule that was based upon, but broader than, the federal exclusionary rule.).

[9] TEX. CODE CRIM. PROC. art. 38.23.

[10] *See State v. Jackson*, 464 S.W.3d 724, 731 (Tex. Crim. App. 2015).

[11] *Wilson*, 311 S.W. 3d at 459.

[12] *Miles v. State*, 241 S.W.3d 28, 36, 46 (Tex. Crim. App. 2007).

[13] *Rocha v. State*, 16 S.W.3d 1, 18-19 (Tex. Crim. App. 2000).

In *Jackson v. State*, this Court found that there was no police misconduct.[14] The GPS monitoring system placed on the vehicle was expressly permitted by a Texas statute prior to *U.S. v. Jones*.[15] This Court found that the officer didn't purposefully disregard the individual's Fourth Amendment rights.[16] In her concurrence, Judge Hervey, said,

> The suppression of the evidence in this case will not serve the underlying policy reason for the exclusionary rule and how the focus of the *Brown* test shifts depending on the facts of each case. The purpose of the exclusionary rule is to deter police misconduct, which is well documented by this Court and the United States Supreme Court.
>
> The suppression of the evidence in this case would not serve to deter future police misconduct because the police believed they were acting in accordance with the law, which has since been settled.[17]

A similar suppression exemption should be recognized here because the primary purpose of article 38.23 is not furthered when police comply with an existing, presumptively valid statute and case law interpreting it.

---

[14] *Jackson*, 464 S.W.3d at 733.

[15] *United States v. Jones,* —— U.S. ——, 132 S.Ct. 945, 181 L.Ed.2d 911 (2012); *Jackson*, 464 S.W.3d at 728.

[16] *Jackson*, 464 S.W.3d at 733.

[17] *Id*. at 736.

## **PRAYER FOR RELIEF**

WHEREFORE, the State of Texas prays that the Criminal Court of Appeals grant this Petition for Discretionary Review, that the case be set for submission, and that after submission, this Court reverse the decision of the Court of Appeals.

Respectfully submitted,

JACK ROADY
CRIMINAL DISTRICT ATTORNEY
GALVESTON COUNTY, TEXAS


 */s/* Allison Lindblade
ALLISON LINDBLADE
Assistant Criminal District Attorney
State Bar Number 24062850
600 59th Street, Suite 1001
Galveston, Texas 77551
Tel (409)766-2452/Fax (409)765-3261
allison.lindblade@co.galveston.tx.us

7

## CERTIFICATE OF SERVICE

The undersigned Attorney for the State certifies a copy of the foregoing brief was sent via email, eFile service, or certified mail, return receipt requested, to Winston Cochran, Post Office Box 2945 League City, Texas 77574, winstoncochran@comcast.net on November 19, 2015.

*/s/* Allison Lindblade
ALLISON LINDBLADE
Assistant Criminal District Attorney
Galveston County, Texas

## CERTIFICATE OF COMPLIANCE

The undersigned Attorney for the State certifies this brief complies with Tex. R. App. Proc. 9.4(i)(3), is a computer generated document, and consists of 1,140 words.

*/s/* Allison Lindblade
ALLISON LINDBLADE
Assistant Criminal District Attorney
Galveston County, Texas

# **APPENDIX**

Opinion issued October 22, 2015



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00033-CR

———————————

**ERIC ALONZO GREER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 56th District Court
Galveston County, Texas
Trial Court Case No. 12-CR-3333

## MEMORANDUM OPINION

A jury convicted Eric Alonzo Greer of felony driving while intoxicated.[1]
The trial court assessed his punishment at five years' confinement, but suspended
the sentence and placed Greer on community supervision for five years. On appeal,

---

[1]    *See* TEX. PENAL CODE ANN. §§ 12.42(a), 49.09(b)(2) (West Supp. 2014).

Attachment A

Greer contends that his conviction should be reversed because the trial court erred by denying his motion to suppress evidence relating to the warrantless blood draw. We reverse the trial court's judgment and remand for a new trial.

## Background

In 2012, Greer was stopped for a traffic violation and was subsequently arrested for DWI. Greer refused to perform any field sobriety tests or provide a breath sample. After confirming that Greer had two prior DWI convictions, DPS Trooper Guerra transported Greer to a hospital where a warrantless blood draw was taken pursuant to Texas Transportation Code section 724.012(b)(3)(B). *See* TEX. TRANSP. CODE ANN. § 724.012(b)(3)(B) (West 2011). Guerra did not attempt to obtain a warrant before transporting Greer to the hospital because he believed that he had authority to proceed immediately with the blood draw pursuant to the statute. After the trial court denied his motion to suppress, Greer proceeded to trial and was convicted of felony DWI.[2] This appeal followed.

## Motion to Suppress

In two points of error, Greer argues that the trial court erred by denying his motion to suppress evidence relating to the warrantless blood draw.

---

[2] The trial court made no findings of fact or conclusions of law regarding Greer's motion to suppress.

2

## A. Standard of Review and Applicable Law

We review a trial court's denial of a motion to suppress evidence under a bifurcated standard of review. *Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013). We give almost total deference to a trial court's determination of historical facts, especially if those determinations turn on witness credibility or demeanor, and we review de novo the trial court's application of the law to facts not based on an evaluation of credibility and demeanor. *Gonzales v. State*, 369 S.W.3d 851, 854 (Tex. Crim. App. 2012). At a suppression hearing, the trial court is the sole and exclusive trier of fact and judge of the witnesses' credibility, and it may choose to believe or disbelieve all or any part of the witnesses' testimony. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002); *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).

When, as here, there are no explicit findings of historical fact, we review the evidence in the light most favorable to the trial court's ruling, assuming that the trial court made implicit findings of fact supported in the record that buttress its ruling. *Carmouche v. State*, 10 S.W.3d 323, 327–28 (Tex. Crim. App. 2000). We will uphold the court's ruling if it is correct under any theory of law applicable to the case. *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005).

A blood draw conducted at the direction of a law enforcement officer is a search subject to the reasonableness requirement of the Fourth

3

Amendment. *Schmerber v. California*, 384 U.S. 757, 767, 86 S. Ct. 1826, 1834 (1966); *State v. Villarreal*, No. PD–0306–14, 2014 WL 6734178, at *9 (Tex. Crim. App. Nov. 26, 2014) (reh'g granted). A warrantless search of a person is unreasonable unless it falls within a recognized exception to the warrant requirement. *Villarreal*, 2014 WL 6734178, at *8 (citing *Missouri v. McNeely*, 133 S. Ct. 1552, 1558 (2013)); *see also Katz v. United States*, 389 U.S. 347, 357, 88 S. Ct. 507, 514 (1967) (holding that warrantless search or seizure is per se unreasonable unless it falls under recognized exception to warrant requirement). The State carries the burden to prove that an exception to the warrant requirement applies. *See Gutierrez v. State*, 221 S.W.3d 680, 685 (Tex. Crim. App. 2007).

**B.    Warrantless Blood Draw**

In his first point of error, Greer argues that the trial court erred by denying his motion to suppress because the Transportation Code's mandatory blood draw provision with its implied consent for a blood draw constitutes an exception to the warrant requirement and there are no other applicable exceptions. The State argues that whether the statute and implied consent provision provide an exception to the requirement is currently "unsettled," and that even if the warrantless blood draw violated Greer's Fourth Amendment rights, the trial court was nevertheless correct in refusing to exclude the blood analysis results because the evidence was not

4

subject to exclusion under either the federal exclusionary rule or the Texas exclusionary rule set out in Texas Code of Criminal Procedure Article 38.23.

Specifically, the State contends that the federal exclusionary rule does not bar admission of the blood analysis results in this case because Trooper Guerra relied in "good faith" on the mandatory blood draw statute and on existing judicial precedent when he seized Greer's blood sample in 2012. *See Davis v. United States*, 131 S. Ct. 2419, 2423–24 (2011) (stating that officer's good-faith reliance on binding case law is exception to federal exclusionary rule); *Illinois v. Krull*, 480 U.S. 340, 360, 107 S. Ct. 1160, 1172 (1987) (stating that officer's good faith reliance on statute is exception to federal exclusionary rule). The State further contends that we should recognize a similar exception with respect to Article 38.23.

This Court has previously held that the challenged statutory provisions do not constitute an exception to the warrant requirement. *See Gore v. State*, 451 S.W.3d 182, 193 (Tex. App.—Houston [1st Dist.] 2014, pet. filed); *State v. Tercero*, 467 S.W.3d 1, 4 (Tex. App.—Houston [1st Dist.] 2015, pet. filed). Until this Court overrules these cases or the Court of Criminal Appeals overturns them, *Gore* and *Tercero* are binding precedent. *See Swilley v. McCain*, 374 S.W.2d 871, 875 (Tex. 1964).

5

The Texas exclusionary rule, Article 38.23, is broader in scope and provides more protection to a suspect than its federal counterpart. *See Wilson v. State*, 311 S.W.3d 452, 458–59 (Tex. Crim. App. 2010); *see also Weems v. State*, 434 S.W.3d 655, 666 (Tex. App.—San Antonio 2014, pet. granted); *Tercero*, 467 S.W.3d at 10 (citing *Miles v. State*, 241 S.W.3d 28, 34 (Tex. Crim. App. 2007)). Even if evidence is admissible as an exception to the federal rule, it may, nonetheless, still be excluded by Article 38.23. *See Wilson*, 311 S.W.3d at 458 (noting that Article 38.23 "prohibits the use of a much broader category of 'illegally obtained' evidence" than federal rule).

Article 38.23 provides that "[n]o evidence obtained . . . in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case." TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005). However, unlike the federal rule, the plain language of Article 38.23 only recognizes one good faith exception and that is for "a law enforcement officer acting in objective good faith reliance *upon a warrant* issued by a neutral magistrate based on probable cause." TEX. CODE CRIM. PROC. ANN. art. 38.23(b) (emphasis added). It is undisputed that no such warrant existed in this case, and Article 38.23's explicit good-faith exception is inapplicable to this case.

The State argues that we should also recognize an exception to Article 38.23 that is similar to the federal "good faith" exception because the evidence in this case was obtained as a result of a search conducted by an officer relying upon a presumptively valid statute and case law interpreting it. *See Wilson*, 311 S.W.3d at 458–59 ("The underlying purpose of both the federal exclusionary rule and article 38.23 is the same: to protect a suspect's privacy, property, and liberty rights against overzealous law enforcement."). The Court of Criminal Appeals, however, has recognized that exceptions to the federal exclusionary rule are only applicable to Article 38.23 if they are consistent with the plain language of the statute. *See Tercero*, 467 S.W.3d at 10–11. An exception to Article 38.23 based on an officer's good faith reliance upon anything other than a warrant is inconsistent with the plain language of the Texas exclusionary rule. TEX. CODE CRIM. PROC. ANN. art. 38.23(b) (recognizing exception for officers "acting in objective good faith reliance upon a warrant . . . ."); *see Tercero*, 467 S.W.3d at 10 (declining to expand Article 38.23's "good faith" exception to include situations where officer had good faith belief law justified his actions because such expansion was "inconsistent with the text of article 38.23"); *generally Weems*, 434 S.W.3d at 666 (rejecting argument that officer's good faith reliance on mandatory blood draw and implied consent statutes constituted good faith exception to Article 38.23). Accordingly, we decline to recognize an exception to Article 38.23 that is based on an officer's

7

good faith reliance upon a statute or judicial precedent because such an exception is inconsistent with the plain language of the statute. *See Tercero*, 467 S.W.3d at 10.

## C. Harm

We review the harm resulting from a trial court's erroneous denial of a motion to suppress and subsequent admission of evidence obtained in violation of the Fourth Amendment under the constitutional harmless-error standard. TEX. R. APP. P. 44.2(a); *see Hernandez v. State*, 60 S.W.3d 106, 108 (Tex. Crim. App. 2001) (mandating application of rule 44.2(a) to harm analysis of trial court's erroneous denial of motion to suppress under Fourth Amendment). This standard requires us to reverse the trial court's judgment of conviction unless we determine "beyond a reasonable doubt that the error did not contribute to the conviction or punishment." TEX. R. APP. P. 44.2(a). Here, the jury charge instructed the jurors that "[a] person is deemed to be intoxicated within the meaning of the law when he does not have the normal use of his mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body, or having an alcohol concentration of 0.08 or more."

The State presented the testimony of a forensic scientist who testified that Greer's blood sample contained 0.174 grams of ethanol per 100 milliliters and that

8

this amount of alcohol was over twice the legal limit in Texas. Given the testimony regarding the taking of Greer's blood sample and his toxicology results and the jury's instruction that intoxication means, in part, "having an alcohol concentration of 0.08 or more," we cannot determine beyond a reasonable doubt that the error did not contribute to Greer's conviction. *See Perez v. State*, 464 S.W.3d 34, 48 (Tex. App.—Houston [1st Dist.] 2015, pet. filed); *Weems*, 434 S.W.3d at 667. Accordingly, we conclude that the warrantless taking of Greer's blood sample did not fall within a recognized exception to the Fourth Amendment's warrant requirement, and that this error was harmful.

We sustain Greer's first point of error.[3]

## Conclusion

We reverse the trial court's judgment and remand for a new trial consistent with this opinion.

Russell Lloyd
Justice

Panel consists of Justices Keyes, Massengale, and Lloyd.

Do not publish. Tᴇx. R. Aᴘᴘ. P. 47.2(b).

---

[3] In light of our disposition of this appeal, we need not reach Greer's second point of error challenging the constitutionality of Transportation Code section 724.012(b).

9